OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for the purpose of disposition.
Final judgment of possession affirmed without costs.
Appeals and cross appeal from the orders entered July 23, 1999 and January 5, 2000 dismissed.
The right to appeal from the intermediate orders terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from said orders are brought up for review on the appeal from the final judgment (see CPLR 5501 [a] [1]).
Petitioner instituted this commercial holdover proceeding in December 1998 on the ground that respondent Bensonhurst Real Estate, Ltd. had assigned or sublet the premises to respondent David’s Sportswear, Inc. in violation of the lease. Bensonhurst currently occupies the subject premises pursuant to a settlement agreement dated April 13, 1989 between Burger King Corporation, the former holder of the net lease for the subject premises, and its subtenant, respondent H.J.A. Holding Corporation. In 1998, Burger King assigned its interest in the net lease for the entire premises to petitioner, the owner of the premises. It should be noted that Bensonhurst was dissolved by proclamation of the Secretary of State on September 29, 1993 *66 for nonpayment of franchise taxes. Thereafter the principals of Bensonhurst formed a new corporation bearing the same name (Bensonhurst II). Near the time of trial, Bensonhurst II was dissolved and Bensonhurst (or Bensonhurst I) was reinstated.
Prior to trial, respondents’ motion to dismiss the proceeding for failure to state a cause of action was denied by order entered March 16, 1999. Respondents then moved for summary judgment dismissing the proceeding on the ground that the court lacked subject matter jurisdiction, as the alleged default was a condition subsequent of the lease rather than a conditional limitation and that the lease had never been properly terminated. Petitioner cross-moved for summary judgment on the ground that the sublet and/or assignment to David’s was a violation of a conditional limitation thereby terminating the lease. The motion and cross motion were denied by order entered July 23, 1999.
Thereafter, petitioner sought leave to renew its cross motion for summary judgment and, upon the granting of renewal, leave to amend the verified petition so as to allege that Bensonhurst’s dissolution by proclamation of the Secretary of State on September 29, 1993 (although subsequently reinstated) for failure to pay franchise taxes, constituted a violation of a conditional limitation contained in the lease, thereby terminating said lease, and granting petitioner summary judgment on the amended verified petition. The court, in its order entered January 5, 2000, granted the motion for renewal and, upon renewal, denied petitioner’s application for amendment of the verified petition and summary judgment thereon.
The matter then proceeded to trial. After trial, the court dismissed the petition finding, in part, that Bensonhurst did not assign the leasehold in contravention of the lease.
. On this appeal, petitioner in essence contends that its cross motion for summary judgment should have been granted since the conditional limitation applicable to transfers of the lease agreement applied not only to both full and partial assignments, but to sublets as well. Petitioner further contends that the court should have permitted it to amend the petition and granted summary judgment in its favor on its motion for renewal as the dissolution of Bensonhurst terminated the lease pursuant to the conditional limitation clause contained therein.
We note that the lease afforded the tenant a valuable option to purchase the subject property which would have become void if the lease were terminated.
*67 Paragraph 8.1 (a) of the agreement states that each of the following events is a default or breach of the lease by the lessee: “(a) If lessee files a petition in bankruptcy, insolvency, dissolution or for reorganization or arrangement under the laws of the United States or of any state, or voluntarily takes advantage of any such law or act or is dissolved or makes an assignment for the benefit of creditors.”
Paragraph 8.1 (d) of the lease provides that a default or a breach of the lease occurs if the lease or estate of the lessee is transferred to any person or party, except in a manner permitted by the terms of the lease.
Paragraph 12.2 of the agreement provides that the lessee shall not assign, in whole or in part, or sublet the premises, in whole or in part, or permit the premises or any portion of it to be used or occupied by others, without the prior written consent of lessor in each instance, and lessor’s consent shall not be unreasonably withheld.
Paragraph 8.1 further provides that in the event of a default under subparagraph (a) or (d), the term of the lease shall automatically terminate without additional notice to the lessee.
Assuming arguendo that the lease contained conditional limitations applicable to violations of said provisions of the lease, a conditional limitation is subject to strict scrutiny so as to avoid a forfeiture of the lease and will not be enforced for minor breaches or where no substantial injury occurs (see Doney Corp. v Project 61 Assoc., NYLJ, Mar. 5, 1997, at 26, col 2 [Sup Ct, NY County]). In order for a forfeiture clause to be enforced: (1) the right to declare a forfeiture must be distinctly reserved, (2) the proof of the happening of the event in which the right is to be exercised must be clear, (3) the party entitled to do so must exercise its right promptly, and (4) the result of enforcing the forfeiture must not be unconscionable (2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 23:39 [4th ed]).
In the case at bar, the forfeiture provisions of the lease should not be enforced, thereby terminating the tenancy and precluding Bensonhurst from exercising its right to purchase the subject premises at a price negotiated at the inception of the agreement, where the default, if any, was de minimis in light of the fact that the entities involved in the complained of transfers were, for all intents and purposes of the parties involved, identical, a withholding of consent by the lessor would have been unreasonable, the dissolved corporation was subsequently reinstated nunc pro tunc, petitioner had the benefit of receiving the *68 full amount of the rent during the term of the lease, and there has been no apparent prejudice to petitioner. In view of the foregoing, the final judgment appealed from should be affirmed (see Bensonhurst Real Estate v Helsam Realty Co., 1 AD3d 302 [2003]; Duen v Canton Taste, 16 HCR 410; 1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 9:93, 9:95 [4th ed]).