◼ In the Matter of SOLOMON T.R. MICHAEL R. et al., Respondents. JACOB L. et al., Nonparty Appellants. [774 NYS2d 360]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Solomon T.R., nonparties Jacob L., Usher P., and Slavie P., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated March 27, 2003, as granted the petitioners' motion, inter alia, to restrain them from visiting or harassing the alleged incapacitated person to the extent of (1) directing them to refrain from harassing the alleged incapacitated person, and (2) imposing certain restrictions on their visits with the alleged incapacitated person, and as failed to decide their cross motion for re-evaluation of the alleged incapacitated person.

Ordered that the appeal from so much of the order as failed to decide the cross motion is dismissed, as the cross motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion is denied in its entirety; and it is further,

Ordered that one bill of costs is awarded to the nonparty-appellants.

The court granted the petitioners the power, inter alia, to "make decisions regarding [the] social environment and other social aspects of the life of the incapacitated person" (Mental Hygiene Law § 81.22 [a] [2]). However, Mental Hygiene Law § 81.20 (a) (7) directs that: "a guardian who is given authority

relating to the personal needs of the incapacitated person shall afford the incapacitated person the greatest amount of independence and self-determination with respect to personal needs in light of that person's functional level, understanding and appreciation of that person's functional limitations, and personal wishes, preferences and desires with regard to managing the activities of daily living."

The petitioners failed to establish that the appellants harassed the alleged incapacitated person (*cf.* Penal Law §§ 240.25, 240.26, 240.30, 240.31). In this regard, the petitioners did not specify what acts, if any, allegedly committed by the appellants constituted harassment or when the appellants purportedly engaged in such acts. Moreover, under the circumstances of this case, the petitioners did not demonstrate that the appellants' visits with the alleged incapacitated person should be restricted.

Accordingly, the court should have denied the petitioners' motion in its entirety. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.