In the Matter of JESSE LEE H., an Alleged Incapacitated Person. CHERYL JOY H., Appellant; PHILIP H., Respondent. [889 NYS2d 479]—

Mental Hygiene Law § 81.20 (a) (7) provides that "a guardian who is given authority relating to the personal needs of the incapacitated person shall afford the incapacitated person the greatest amount of independence and self-determination with respect to personal needs in light of that person's functional level, understanding and appreciation of that person's functional limitations, and personal wishes, preferences and desires with regard to managing the activities of daily living." Under the circumstances of this case, upon appointing the petitioner (hereinafter the mother) as the guardian for the personal needs of Jesse Lee H. and granting her the power, inter alia, to make decisions regarding the general environment and other social aspects of his life (*see* Mental Hygiene Law § 81.22 [a] [2]), the court properly directed that such power is subject to certain conditions concerning Jesse Lee H.'s visitation with his father (*see Matter of Solomon T.R.,* 6 AD3d 449, 449-450 [2004]).

The mother's contention concerning that branch of her petition which was to restructure a certain trust which was established for the benefit of Jesse Lee H. is not properly before this Court since, on this record, it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The mother's remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Belen, Hall and Austin, JJ., concur.