■ CCCLF, Inc., Appellant, v Charlene M. Bonin et al., Respondents. [920 NYS2d 426]—

In an action, inter alia, to recover damages for conversion of

corporate assets and tortious interference with contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 17, 2010, as granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff operated a day care center business (hereinafter the center) located in premises owned by a nonparty (hereinafter the landlord). In 2007, the plaintiff listed the business for sale with a broker. The defendants submitted an offer to the broker to buy the center, although no deal was reached. The plaintiff alleges that the defendants instead offered to pay money directly to the landlord to evict the plaintiff, and then offer a lease to the defendants. Although the defendants took possession and began operating the center in 2008, the defendants contend that this occurred only after the plaintiff surrendered possession of the premises and had, in effect, abandoned the business. The plaintiff commenced this action, inter alia, to recover damages for conversion of corporate assets and tortious interference with the lease.

Pursuant to CPLR 3211 (a) (1), a party may move to dismiss a cause of action based on documentary evidence which conclusively establishes a defense to the asserted claims as a matter of law (see Leon v Martinez, 84 NY2d 83, 88 [1994]; Goldfarb v Schwartz, 26 AD3d 462 [2006]). Here, the "surrender agreement" submitted by the defendants demonstrated that the plaintiff voluntarily ceased operating the center and surrendered the lease to the landlord, and agreed to relinquish the premises and its fixtures, in return for being released from any obligations under the lease. Thus, the evidence "utterly refute[d] [the] plaintiff's factual allegations [and] conclusively establish[ed] . . . defense[s] as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see R.I. Is. House, LLC v North Town Phase II Houses, Inc., 51 AD3d 890, 893 [2008]). Accordingly, the Supreme Court properly dismissed each of the causes of action asserted in the verified complaint, other than the eighth cause of action, alleging "equitable estoppel," pursuant to CPLR 3211 (a) (1).

Under the circumstances of this case, the Supreme Court also properly dismissed the eighth cause of action, alleging "equitable estoppel," for failure to state a cause of action (see CPLR 3211 [a] [7]; Paolino v Paolino, 51 AD3d 886 [2008]).

In light of our determination, we need not reach the plaintiff's

remaining contentions. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.