# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**487**

**CA 13-00512**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF LAZY ACRES PARK, LLC,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PAUL FERRETTI, ROBIN FERRETTI AND CLAUDETTE
SHELTON, RESPONDENTS-RESPONDENTS.

---

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (JULIAN B. MODESTI OF
COUNSEL), FOR PETITIONER-APPELLANT.

GOETTEL, POPLASKI & DUNN, PLLC, WATERTOWN (MATTHEW A. GOETTEL OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), entered May 14, 2012. The order vacated a judgment of eviction of the Town Court of the Town of Cape Vincent.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the judgment is reinstated except to the extent that it provided that petitioner is entitled to the payment of rent following the date of the issuance of the warrant of eviction.

Memorandum: Petitioner appeals from an order of County Court that vacated a judgment of eviction rendered by Town Court and remitted the matter to Town Court for a jury trial, as demanded by respondents, tenants who lease a lot in petitioner's seasonal manufactured home park. Contrary to County Court's conclusion, Town Court properly granted petitioner's motion for summary judgment on the petition. Because there are no triable issues of fact, petitioner was entitled to summary judgment and a warrant of eviction. We note, however, that Town Court improperly determined that petitioner was entitled to summary judgment on the ground that its documentary proof conclusively established that no retaliatory eviction occurred. Neither affirmative defense of retaliatory eviction contained in Real Property Law §§ 223-b or 233 (n) applies to the property at issue. Real Property Law § 223-b applies to "rental residential premises" (§ 223-b [6]). Here, respondents leased only a lot from petitioner, and we conclude that a mobile home, owned outright and placed on a lot rented for seasonal use and occupancy, is not a "rental residential premises" within the meaning of section 223-b. That statute was directed at landlords, to ensure that they comply with housing codes and the State's warranty of habitability statute (*see* Executive Dept

Mem, Bill Jacket, L 1979, ch 693), both of which are inapplicable to the rental of the lot at issue here.  Furthermore, we agree with petitioner that County Court erred in concluding that petitioner commenced this proceeding pursuant to Real Property Law § 233 (d) and that petitioner is a "manufactured home park" subject to the requirements of Real Property Law § 233.  The petition did not invoke section 233 (d).  Moreover, subdivision (a) (3) of that statute defines the term "manufactured home park" as "a contiguous parcel of privately owned land which is used for the accommodation of three or more manufactured homes occupied for year-round living."  The record establishes that petitioner's tenants and respondents occupy their manufactured homes only from May 1 to October 15, i.e., seasonally rather than year-round.

Finally, although not raised on this appeal, we note that Town Court erred in directing that the judgment include payment of any outstanding amount of rent due "as of the date of [r]espondents['] departure from the premises."  The issuance of a warrant of eviction terminated any landlord-tenant relationship as a matter of law, and no rent can be collected after the date of the issuance of the warrant as a matter of law (see RPAPL 749 [3]), i.e., June 18, 2011.  We further note that the record reflects that respondents paid rent through March 2011.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court