■ Jorge Tirse, Appellant, v Joseph Andrews et al., Respondents. [8 NYS3d 711]—

Devine, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered January 7, 2013 in Fulton County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Defendant Mayflower Inc. owns a commercial building in the Town of Johnstown, Fulton County. Plaintiff sought to rent the premises to operate a restaurant and, in November 2011, allegedly entered into a lease to do so. Plaintiff was given a key to the premises and began moving equipment in before the term

of the alleged lease commenced on December 1, 2011. Defendant Joseph Andrews is affiliated with Mayflower and, on November 29, 2011, he contacted police with allegations that plaintiff had not executed a lease and was trespassing on the premises. As a result, plaintiff was barred from entering the premises and was unable to retrieve the equipment he had placed there.

Plaintiff responded by commencing the present action, seeking to recover damages for breach of contract, fraud, retaliatory eviction and conversion. Defendants answered and asserted counterclaims stemming from the alleged trespass and fraudulent conduct of plaintiff. Defendants thereafter moved for various relief including, as is relevant here, summary judgment dismissing the complaint. Supreme Court granted the motion to the extent of dismissing the claims for breach of contract, fraud and retaliatory eviction. Plaintiff now appeals.

With regard to the claim for breach of contract, the alleged lease contemplated that plaintiff would pay a security deposit, as well as rent for the first and last month, "prior to taking possession of the [p]remises." Plaintiff alleged that he paid the security deposit and that an agreement was reached for him "to do payments on the last month['s] rent," but said nothing about making payment of the first month's rent. Defendants accordingly argued that they were not obliged to surrender possession of the premises to plaintiff under the alleged lease, as the proof did not establish that plaintiff had paid the first month's rent as required.

Defendants' argument overlooks the doctrine of anticipatory breach, which relieves a "nonrepudiating party of its obligation of future performance and entitles that party to recover the present value of its damages from the repudiating party's breach of the total contract" (*American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]; *see Pitcher v Benderson-Wainberg Assoc. II, Ltd. Partnership*, 277 AD2d 586, 587-588 [2000], *lv dismissed* 96 NY2d 792 [2001]; *Sunshine Steak, Salad & Seafood v W.I.M. Realty*, 135 AD2d 891, 892 [1987]). The alleged lease provides that plaintiff was required to pay the first and last month's rent "prior to taking possession of the [p]remises." Plaintiff was verbally permitted to access the premises sooner, but he was not entitled to take possession under the alleged lease until December 1, 2011 (*see* Real Property Law § 223-a). Because plaintiff was barred from taking possession prior to the commencement of the lease term, he was excused from his obligation to make any payment of rent (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d

77, 83-84 [1970]; *ZCWK Assoc. v Spadaro*, 233 AD2d 126, 127 [1996]). Thus, viewing the evidence in the light most favorable to plaintiff as the nonmoving party, we are persuaded that questions of fact exist as to whether an anticipatory breach occurred (*see J.S. Gourmet, Inc. v Bretton Woods Home Owners Assn., Inc.*, 11 AD3d 583, 584-585 [2004]; *ZCWK Assoc. v Spadaro*, 233 AD2d at 127).

Supreme Court was on firmer footing in dismissing plaintiff's claims for retaliatory eviction and fraud. Retaliatory eviction is a statutory cause of action limited to "rental residential premises" and, accordingly, has no applicability to the alleged commercial lease here (Real Property Law § 223-b [6]; *see e.g. Matter of Lazy Acres Park, LLC v Ferretti*, 118 AD3d 1406, 1407 [2014], *lv dismissed* 25 NY3d 965 [2015]). The fraud claim was also properly dismissed, as such a cause of action "does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation" (*767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 76 [2004]; *see Roklina v Skidmore Coll.*, 268 AD2d 765, 766-767 [2000], *lv denied* 95 NY2d 758 [2000]).

Several other arguments advanced by plaintiff require brief mention. Plaintiff complains that Supreme Court never decided his motion to compel certain discovery, but disclosure was stayed during the pendency of defendants' motion for summary judgment (*see* CPLR 3214 [b]). Plaintiff further notes that Supreme Court failed to decide his cross motion for summary judgment dismissing the counterclaims. Supreme Court acknowledged that error and promised to correct it after the appealed-from order was issued, however, and plaintiff may not raise any issues regarding a pending motion upon this appeal (*see Matter of Solomon T.R.*, 6 AD3d 449, 449 [2004]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). His remaining contentions, to the extent they are properly before us, have been examined and rejected.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the cause of action for breach of contract; motion denied to that extent; and, as so modified, affirmed.