OPINION OF THE COURT
Katherine A. Levine, J.
The first issue presented is whether a commercial lease term can be terminated automatically when a tenant defaults in payment of rent or real estate taxes, and the landlord previously violated the lease resulting in a judgment for the tenant which remains unpaid. The second issue is whether the tenant established a valid defense to the holdover by showing that the judgment amount in the tenant’s favor exceeded the unpaid real estate taxes claimed as the basis for eviction.
Petitioner Next Generation Fulton, LLC (petitioner or NGF) commenced this holdover proceeding in August 2014 against respondent tenant Community Counseling and Mediation Services (respondent or CCMS). Petitioner alleged that the lease on the property located at 1 Hoyt Street, 7th Floor, Brooklyn automatically terminated pursuant to the conditional limitation set forth in paragraph 17 of the lease, because respondent was late in paying real estate taxes in the amount of $41,479.84. Respondent counterclaimed for a setoff because at the time NGF filed the instant proceeding, Next Generation Chera (NGC), the predecessor-in-interest to NGF, owed CCMS over $400,000 pursuant to a judgment from Supreme Court, New York County (Louis Crespo, Special Ref., Mar. 22, 2013), affirmed by the First Department on March 25, 2014. (Community Counseling & Mediation Servs. v Chera, 115 AD3d 589 [1st Dept 2014].) Justice Debra A. James subsequently ruled that NGF, as successor-in-interest to NGC, took the lease subject to counterclaims that CCMS had against NGC. (See Community Counseling & Mediation Servs. v Chera, Sup Ct, NY County, Dec. 9, 2014.)
Respondent’s second counterclaim herein was based on retaliatory eviction.
*570 In October 2014, respondent paid and NGF accepted the monies owed in real estate taxes. However, petitioner did not satisfy the judgment until February 2016.
At the outset, this court dismisses respondent’s counterclaim for retaliatory eviction because Real Property Law § 223-b, which forbids retaliatory eviction of a tenant who has enforced certain legal rights, applies only to “rental residential premises.” (Real Property Law § 223-b [6]; Tirse v Andrews, 128 AD3d 1112, 1114 [3d Dept 2015]; Matter of Lazy Acres Park, LLC v Ferretti, 118 AD3d 1406, 1407 [4th Dept 2014].)
However, this court finds that respondent established a valid defense to the instant nonpayment proceeding by showing that the judgment amount exceeded the unpaid real estate taxes claimed as the basis for eviction. (See Moore v Chase Manhattan Bank, 217 AD2d 419 [1st Dept 1995] [Damages resulting from landlord’s breach of the lease in excess of unpaid rent provided equitable defense to holdover proceeding]; Linden Blvd. v Elota Realty Co., 196 AD2d 808, 811 [2d Dept 1993] [Tenant may raise equitable defense that due to landlord’s breach of its obligation to repair, it suffered damages in excess of unpaid rent claimed as basis for terminating lease].)
The court further finds that paragraph 17 of the lease, as applied to the facts herein, is an impermissible forfeiture of respondent’s right to cure under Real Property Actions and Proceedings Law § 751 (1). The latter section provides that tenants have a right to obtain an automatic and indefinite stay of the issuance and execution of a warrant of eviction by paying the amount owed into court prior to the issuance of a warrant.
Paragraph 17 provides that if the tenant defaults in the payment of rent or taxes due and such default continues for 15 days after the landlord provides written notice of such default, the owner may serve upon the tenant a written five days’ notice of cancellation of the lease, upon the expiration of which, the lease terminates. Paragraph 17 is a “conditional limitation,” i.e., the lease automatically expires on the happening of a specified event, namely, the arrival of the termination date fixed in the notice. (See TSS-Seedman’s, Inc. v Elota Realty Co., 72 NY2d 1024, 1027 [1988]; Fucile v L.C.R. Dev., Ltd., 102 AD3d 915, 919 [2d Dept 2013].) Petitioner allegedly provided written notice to respondent that its tax payment was due within 10 days of receipt of the statement. Upon respondent’s alleged default, petitioner served another written notice upon respon *571 dent that if the real estate taxes and late fees were not paid within five days, the lease would be terminated. Following respondent’s alleged default, petitioner notified respondent that the lease had terminated and then commenced a holdover.
In general, a summary proceeding could be properly maintained where there is a conditional limitation in a commercial lease and the tenant held over after defaulting in the payment of rent or taxes. (See B. Boman & Co. v Professional Data Mgt., 218 AD2d 637 [1st Dept 1995]; Matter of Ranalli v Burns, 157 AD2d 936, 937 [3d Dept 1990]; Grand Liberte Coop. v Bilhaud, 126 Misc 2d 961, 963 [App Term, 1st Dept 1984]; A.K. Estates v 454 Cent. Corp., LLC, 29 Misc 3d 1227[A], 2010 NY Slip Op 52050[U] [Nassau Dist Ct 2010].) However, a conditional limitation may not be enforced if there is a showing of “fraud, exploitive overreaching or other unconscionable conduct on the part of the landlord.” (Grand Liberte Coop., 126 Misc 2d at 963.)
Here, petitioner’s commencement of a holdover after a judgment had been recently rendered for respondent and against petitioner constitutes unconscionable retaliatory conduct. Accordingly, the conditional limitation in the lease on the subject property may not be enforced. Furthermore, a conditional limitation is subject to strict scrutiny so as to avoid forfeiture of the lease and will not be enforced for “minor breaches or where no substantial injury occurs.” (Helsam Realty Co., Inc. v H.J.A. Holding Corp., 4 Misc 3d 64, 67 [App Term, 2d Dept 2004].) Here, respondent’s alleged breach ($41,479.84) was minute compared to petitioner’s major breach of the lease (over $400,000), as determined by the Supreme Court. Therefore, respondent’s right to cure under RPAPL 751 (1) could not be forfeited by the conditional limitation in the lease.
For the aforementioned reasons, petitioner’s holdover is dismissed.