Matter of Rogers B. B. (Fernando A. B.) (2019 NY Slip Op 00866)





Matter of Rogers B. B. (Fernando A. B.)


2019 NY Slip Op 00866


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06591
2017-06099
 (Index No. 2317/16)

[*1]In the Matter of Rogers B. B. (Anonymous), respondent; Fernando A. B. (Anonymous), appellant.


Fernando A. B., Elmhurst, NY, appellant pro se.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Michael E. Recco, and Dennis B. Feld of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Rogers B. B., an alleged incapacitated person, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Bernice D. Siegal, J.), entered June 8, 2016, and (2) an order of the same court entered April 21, 2017. The order and judgment, insofar as appealed from, appointed Magdeline E. G., the mother of Rogers B. B., as the guardian of the person of Rogers B. B., and directed that she have the authority to "make decisions regarding social environment and other social aspects" for Rogers B. B. and to "authorize access to or release of confidential records." The order denied the motion of the petitioner and Rogelio B., the father of Rogers B. B., to direct Magdeline E. G. to allow Rogelio B. to have parental access with Rogers B. B., and for access to the medical and school records of Rogers B. B.
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In February 2016, Fernando A. B. (hereinafter the petitioner) commenced this proceeding pursuant to Mental Hygiene Law article 81, inter alia, to declare his nephew, Rogers B. B., an incapacitated person, and to be appointed as the guardian of Rogers B. B.'s person and property. In an order and judgment (one paper) entered June 8, 2016, made after a hearing, the Supreme Court, among other things, adjudged Rogers B. B. an incapacitated person, appointed his mother, Magdeline E. G., as his guardian, and directed that Magdeline E. G. have the authority to "make decisions regarding social environment and other social aspects" for Rogers B. B. and to "authorize access to or release of confidential records." Thereafter, the petitioner and Rogers B. B.'s father, Rogelio B., moved to direct Magdeline E. G. to allow Rogelio B. to have parental access with Rogers B. B., and for access to Rogers B. B.'s medical and school records. In an order entered April 21, 2017, the Supreme Court denied the motion. The petitioner appeals from the order and judgment and from the order.
"Even where the court finds that appointment of a guardian is necessary, it is not [*2]required to appoint the person proposed by the petitioner" (Matter of Loftman [Mae R.], 123 AD3d 1034, 1035). "In selecting a guardian for an incapacitated person, the primary concern is for the best interests of the incapacitated person" (Matter of Marilyn A.I. [Kevin D.], 106 AD3d 821, 822). "This determination necessarily involves a judgment upon the facts and lies in the court's discretion" (Matter of Von Bulow, 63 NY2d 221, 224). Here, the Supreme Court providently exercised its discretion in appointing Magdeline E. G. as guardian of the person of Rogers B. B., as the court-appointed evaluator (hereinafter the court evaluator) had recommended. Further, in light of the court evaluator's credible testimony regarding threats of violence made by Rogelio B. against Magdeline E. G. and Rogers B. B., we agree with the court's determination to direct that Magdeline E. G. have the authority to "make decisions regarding social environment and other social aspects" for Rogers B. B. and to "authorize access to or release of confidential records," and to deny the motion of the petitioner and Rogelio B. to direct Magdeline E. G. to allow Rogelio B. to have parental access with Rogers B. B. and for access to Rogers B. B.'s records (cf. Matter of Solomon T.R., 6 AD3d 449).
The petitioner's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.

2016-06591 DECISION & ORDER ON MOTION
2017-06099
In the Matter of Rogers B. B. (Anonymous),
respondent; Fernando A. B. (Anonymous), appellant.
(Index No. 2317/16)

Motion by the respondent to strike stated portions of the appellant's appendix and the appellant's brief on appeals from an order and judgment (one paper) of the Supreme Court, Queens
County, entered June 8, 2016, and an order of the same court entered April 21, 2017, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated January 30, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeals, it is
ORDERED that the motion is granted, those portions of the appendix which contain matter dehors the record which are listed as items "A" through "C" in paragraph 21 of the affirmation in support of the motion by Michael E. Recco dated November 24, 2017, and those portions of the appellant's brief which refer to matter dehors the record which are listed in paragraphs 23, 29, and 31 of that affirmation, are deemed stricken and have not been considered on the appeals.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court