5 Star Holdings NY, LLC v Kohl's Dept. Stores, Inc. (2023 NY Slip Op 05240)

5 Star Holdings NY, LLC v Kohl's Dept. Stores, Inc.

2023 NY Slip Op 05240

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-00262
 (Index No. 617240/19)

[*1]5 Star Holdings NY, LLC, et al., appellants,
v
Kohl's Department Stores, Inc., respondent, et al., defendant.

Jonathan A. Stein, P.C., Cedarhurst, NY, for appellants.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY (Carl F. Regelmann of counsel), for respondent.
George W. Wright & Associates, LLC, New York, NY (Narinder S. Parmar of counsel), for defendant Network Trucking Co., Inc..

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction pursuant to RPAPL 853, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated October 22, 2020. The order, insofar as appealed from, granted the motion of the defendant Kohl's Department Stores, Inc., pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs payable to the defendant Kohl's Department Stores, Inc.
The plaintiffs leased a 13,000-square-foot property from the defendant Kohl's Department Stores, Inc. (hereinafter Kohl's). Following the plaintiffs' purported failure to pay rent, Kohl's commenced a commercial landlord-tenant eviction proceeding in Nassau County District Court (see Kohl's Dept. Stores, Inc. v 5 Star Holdings NY, LLC, 64 Misc 3d 148[A], 2019 NY Slip Op 51402[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists]). A judgment of eviction was entered in June 2018 (see Kohl's, 2019 NY Slip Op 51402[U], *2), and, in December 2018, the plaintiffs were evicted pursuant to the judgment. Subsequently, on August 22, 2019, the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts reversed the judgment of eviction and remitted the matter to the District Court for the entry of a final judgment dismissing the petition (see id. at *1-2).
Thereafter, the plaintiffs commenced this action, inter alia, to recover damages for wrongful eviction pursuant to RPAPL 853 against Kohl's and the defendant Network Trucking Co., Inc. The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against each of them. In an order dated October 22, 2020, the Supreme Court granted the defendants' separate motions. The plaintiffs appeal from so much of the order as granted Kohl's motion.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (SV Vernon 43, LLC v Malik, 138 AD3d 730, 731 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
RPAPL 853 provides that "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he [or her] has been put out, is held and kept out by force or by putting him [or her] in fear of personal violence or by unlawful means, he [or she] is entitled to recover treble damages in an action therefor against the wrong-doer."
Here, contrary to the plaintiffs' contention, the Supreme Court correctly determined that the complaint failed to allege that they were evicted by unlawful means within the meaning of the statute (see id.; Lyke v Anderson, 147 AD2d 18, 28; cf. Clinkscale v Sampson, 48 AD3d 730, 731; Moran v Orth, 36 AD3d 771, 772-773). Accordingly, the Supreme Court properly granted Kohl's motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against it.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court