Ikezi v 82nd St. Academics (2023 NY Slip Op 06130)

Ikezi v 82nd St. Academics

2023 NY Slip Op 06130

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-08844
 (Index No. 700298/20)

[*1]Jane Onyi Ikezi, etc., appellant,
v
82nd Street Academics, et al., respondents.

Jane O. Ikezi, named herein as Jane Onyi Ikezi, Saint Albans, NY, appellant pro se.
Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered October 20, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and fraudulent inducement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant 82nd Street Academics, doing business as Highland Academics (hereinafter the school), operated a preschool in Queens. The plaintiff (hereinafter the mother) enrolled her daughter (hereinafter the student) at the school for the spring 2018 term by, inter alia, entering into a tuition agreement with the school dated February 26, 2018, and paying the tuition for that term. In January 2020, the mother, individually and as guardian for the student, commenced this action against the school, the school's executive director, and the school's site director, alleging, among other things, that the defendants unreasonably dismissed the student from the school without notice.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In support of their motion, the defendants submitted, among other things, the separate affidavits of the school's executive director and site director, and the tuition agreement. According to the school's executive director and site director, the student was not dismissed from the school and had completed the spring 2018 term. They explained that the school closed unexpectedly during the summer of 2018 due to a dispute with its landlord, and that no students returned to the school. In an order entered October 20, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The mother appeals from so much of the order as granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and fraudulent inducement.
"A motion pursuant to CPLR 3211(a)(1) to dismiss [a cause of action] on the ground [*2]that the [cause of] action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and resulting damages" (Virgilio Trailer Corp. v Ferrandino & Son, Inc., 213 AD3d 970, 971 [internal quotation marks omitted]; see Ayers v City of Mount Vernon, 176 AD3d 766, 769). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 12). Here, the unambiguous and clear terms of the tuition agreement, which, inter alia, provided that the school maintained the right to dismiss the student for any reason in its sole discretion without notice, and made clear that the student was not guaranteed enrollment at the school for the following academic year, utterly refuted the mother's allegation that the defendants breached their contractual obligations. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of contract.
"In considering a motion to dismiss a [cause of action] pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d at 791 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Feldman v Byrne, 210 AD3d 646, 648 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11). "Dismissal of the [cause of action] is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Pinnacle Capital, LLC v O'Bleanis, 214 AD3d 913, 915). "When evidentiary material is considered by the court on a motion pursuant to CPLR 3211(a)(7), the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d at 791 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (Feldman v Byrne, 210 AD3d 646, 648-649 [internal quotation marks omitted]; see Louie's Seafood Rest., LLC v Brown, 199 AD3d 790, 793). Here, the mother's bare and conclusory allegations failed to identify any specific misrepresentation of material present fact made by any defendant (see CPLR 3016[b]; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 141; Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC, 197 AD3d 703, 705). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement.
The mother's new theories of liability, which were not raised before the Supreme Court, are improperly raised for the first time on appeal and will not be addressed (see Dubon v Drexel, 195 AD3d 991, 995; Walker v George, 97 AD3d 741, 741).
The mother's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court