Soltanian v LACYNDA, LLC (2024 NY Slip Op 04091)

Soltanian v LACYNDA, LLC

2024 NY Slip Op 04091

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-02741
 (Index No. 715663/22)

[*1]Alexander B. Soltanian, appellant, et al., plaintiffs,
v
LACYNDA, LLC, respondent.

Alexander B. Soltanian, Roslyn, NY, appellant pro se.
Lopresto & Barbieri, P.C., Astoria, NY (Guy Barbieri of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction, the plaintiff Alexander B. Soltanian appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated January 17, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiff Alexander B. Soltanian (hereinafter the plaintiff) entered into a five-year lease with the defendant. After the defendant commenced a nonpayment proceeding, the plaintiff and the defendant entered into an agreement (hereinafter the surrender agreement), in which the plaintiff agreed to surrender possession of the premises in exchange for the defendant agreeing to waive all outstanding amounts due. Thereafter, this action was commenced, inter alia, to recover damages for wrongful eviction. The defendant then moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint, and the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.
"In considering a motion to dismiss . . . pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ikezi v 82nd St. Academics, 221 AD3d 986, 987 [internal quotation marks omitted]). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (id. [internal quotation marks omitted]). "Dismissal . . . is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (id. [internal quotation marks omitted]). "When evidentiary material is considered by the court on a motion pursuant to CPLR 3211(a)(7), the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (id. at 988 [alterations and internal quotation marks omitted]).
Here, the Supreme Court properly directed dismissal of the first cause of action pursuant to CPLR 3211(a)(7). To the extent that the first cause of action sounded in replevin, the [*2]amended complaint failed to allege and, in fact, contradicted that the defendant was in possession of the plaintiff's property (see id. § 7101; Americredit Fin. Servs., Inc. v Decoteau, 103 AD3d 761, 762; Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068). To the extent that the first cause of action sounded in conversion, the allegations were deficient for failing to state that the defendant exercised an unauthorized dominion over the premises (see City of Long Beach v Agostisi, 221 AD3d 776, 779; Abraham v Torati, 219 AD3d 1275, 1282).
The Supreme Court also properly directed dismissal of the second cause of action "inasmuch as the plaintiff['s] allegations demonstrate that this action is merely a private contract dispute" and did not include any "consumer-oriented deceptive act or practice within the meaning of General Business Law § 349" (Israel v Progressive Cas. Ins. Co., 222 AD3d 733, 735).
The Supreme Court also properly directed dismissal of the third cause of action, sounding in wrongful eviction. The amended complaint failed to allege that the plaintiff was evicted by unlawful means, but rather acknowledged that the plaintiff "agreed to surrender" the premises pursuant to the surrender agreement (see 5 Star Holdings NY, LLC v Kohl's Dept. Stores, Inc., 220 AD3d 830, 831; cf. CCCLF, Inc. v Bonin, 83 AD3d 759, 760).
The Supreme Court properly directed dismissal of the fourth cause of action in that the provisions of the Real Property Law relied upon in that cause of action do not apply to commercial leases (see Real Property Law §§ 223-b, 235-b; Tirse v Andrews, 128 AD3d 1112, 1114; Disunno v WRH Props., LLC, 97 AD3d 780, 781) or were supported by nothing more than bare legal conclusions.
Similarly, the Supreme Court properly directed dismissal of the fifth cause of action, alleging violations of UCC 1-304 and 2-A-108(1), as, among other things, consisting of mere legal conclusions.
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court