K.M. v Rochelle (2025 NY Slip Op 04643)

K.M. v Rochelle

2025 NY Slip Op 04643

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-06202
 (Index No. 55751/22)

[*1]K.M., etc., appellant, 
v
Ursuline School of New Rochelle, respondent.

Galgano Sharp LLP, White Plains, NY (Eric R. Sharp of counsel), for appellant.
Archer & Greiner, P.C., New York, NY (Anthony D. Dougherty and Linda S. Roth of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated June 30, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The defendant, Ursuline School of New Rochelle (hereinafter Ursuline), operates an all-girls private school in New Rochelle. The plaintiff (hereinafter the mother) enrolled her daughter (hereinafter the student) at Ursuline in September 2020. In January 2022, the student was expelled from Ursuline for engaging in an off-campus physical altercation in May 2021.
Subsequently, the mother, as guardian for the student, commenced this action against Ursuline, asserting causes of action to recover damages for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing. Among other things, the mother alleged that Ursuline breached its obligations under a student-parent handbook that was distributed in September 2020 (hereinafter the September 2020 handbook), by expelling the student for an off-campus incident. The mother also alleged that Ursuline engaged in fraud by inducing her to enroll the student at Ursuline and that Ursuline breached the implied covenant of good faith and fair dealing by conducting an unfair investigatory process.
Ursuline moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint, and submitted, inter alia, a copy of the September 2020 handbook and a copy of a student-parent handbook from December 2020. In an order dated June 30, 2022, the Supreme Court granted Ursuline's motion. The mother appeals. We affirm.
"'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966-967, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Goshen v Mutual Life [*2]Ins. Co. of N.Y., 98 NY2d 314, 326). "The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 715; see Legum v Russo, 133 AD3d 638, 640). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; see Greenfield v Philles Records, 98 NY2d 562, 569). Here, the unambiguous and clear terms of Ursuline's handbooks, including the September 2020 handbook upon which the mother relied, provided that Ursuline maintained the right to expel the student, including for behavior that occurred off-campus at a non-school sanctioned event, in its sole discretion, and that Ursuline had broad discretion in how it investigated any alleged incident. This documentary evidence utterly refuted the mother's allegation that Ursuline breached its contractual obligations. Therefore, the Supreme Court properly granted that branch of Ursuline's motion which was pursuant to CPLR 3211(a)(1) to dismiss the causes of action alleging breach of contract.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must . . . determine only whether the facts as alleged fit within any cognizable legal theory" (Gold v 22 St. Felix, LLC, 219 AD3d 588, 590; see Leon v Martinez, 84 NY2d 83, 87-88; Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Bashian & Farber, LLP v Syms, 167 AD3d 561).
"To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (Ikezi v 82nd St. Academics, 221 AD3d 986, 988 [internal quotation marks omitted]; see Feldman v Byrne, 210 AD3d 646, 649). Here, the mother's bare and conclusory allegations failed to identify any specific misrepresentation of material present fact made by Ursuline (see CPLR 3016[b]; Ikezi v 82nd St. Academics, 221 AD3d at 988). Accordingly, the Supreme Court properly granted that branch of Ursuline's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted Ursuline's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court