Wimbish v Crema-Samalya

2026 NY Slip Op 02691

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Willie Wimbish, respondent,

v

Joan Crema-Samalya, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

Mound Cotton Wollan & Greengrass, LLP, New York, NY (Kevin F. Buckley, Victoria S. Holzinger, and Liana Weitzman of counsel), for appellant.

Alter & Barbaro, Brooklyn, NY (Bernard M. Alter and Troy J. Lambert of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for fraud, the defendant Joan Crema-Samalya appeals from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated April 11, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Joan Crema-Samalya pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her is granted.

After the plaintiff's property was damaged in a fire, he worked with the defendant Joan Crema-Samalya, who was employed by Mountain Valley Indemnity Company as an insurance adjuster, with respect to the restoration of the property. Crema-Samalya put the plaintiff in contact with the defendant Five Boro Fire Restoration, Inc. (hereinafter FBFR), and the plaintiff entered into a contract with FBFR in January 2018. FBFR performed restoration work on the property until November 2019. According to the plaintiff, in March 2020 a licensed contractor inspected the work performed by FBFR and determined that it was deficient.

The plaintiff commenced this action against Crema-Samalya, among others, alleging causes of action against her to recover damages for violation of General Business Law § 349 and fraud. Prior to serving an answer, Crema-Samalya moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action. In opposition, the plaintiff submitted his sworn affirmation and text messages between himself and Crema-Samalya. By order dated April 11, 2024, the Supreme Court denied Crema-Samalya's motion, without explanation. Crema-Samalya appeals.

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Moreover, "the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the [*2]facts alleged therein must also be assumed to be true" (Katsorhis v 718 W. Beech St, LLC, 234 AD3d 744, 747).

To state a cause of action under General Business Law § 349 "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621; see Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941). For purposes of General Business Law § 349, "deceptive acts and practices, whether representations or omissions, [are] limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26). "[T]he statute is limited in its application to those acts or practices which undermine a consumer's ability to evaluate his or her market options and to make a free and intelligent choice" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 13).

Here, the plaintiff failed to identify and allege any conduct by Crema-Samalya that was materially misleading. The plaintiff merely alleged in conclusory fashion that Crema-Samalya provided "misleading information" so as to induce the plaintiff (and other insureds) to hire FBFR (see Keshin v Montauk Homes, LLC, 162 AD3d 758, 760). Contrary to the plaintiff's further contention, a reasonable consumer acting reasonably under the circumstances would not have interpreted Crema-Samalya's text message regarding expenses to be submitted for payment by the insurance company as indicating that Crema-Samalya had verified that FBFR applied for and received the proper permits for the job or that she was acting as a "manager" of FBFR's performance.

To state a cause of action alleging fraud, "a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). CPLR 3016(b) requires that causes of action based on fraud "shall be stated in detail" (see Atlasman v Korol, 238 AD3d 826, 829).

Here, the complaint does not provide any detail, but merely states the elements of a cause of action sounding in fraud in conclusory fashion (see Pare v Aalbue, 222 AD3d 769, 775). In his affirmation, the plaintiff points to the text messages, but does not identify any particular statement therein that would constitute a misrepresentation of fact (see K. M. v Ursuline Sch. of New Rochelle, 241 AD3d 673, 676; Ikezi v 82nd St. Acads., 221 AD3d 986, 988).

Accordingly, the Supreme Court should have granted Crema-Samalya's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.

The parties' remaining contentions need not be reached in light of our determination.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court