MICHELE CONDO, Respondent, v PATRICK MULCAHY, Appellant.

Second Department, September 20, 1982

APPEARANCES OF COUNSEL

*Nathan Cyperstein* (*Alvin P. Bluthman* on the brief), for appellant.

*Richard Kranis, P. C.* (*Stephen Levine* on the brief), for respondent.

**OPINION OF THE COURT**

LAZER, J.

This appeal concerns the right of a defendant in a personal injury action to enforce a settlement agreement which the plaintiff repudiated after delivering a general release and stipulations of discontinuance but before receiving any money. The case turns upon the statutory rule that an agreement to accept a future performance to discharge a present cause of action is an executory accord and, if supported by a sufficient memorandum, it is enforceable. Since agreement and memorandum have coalesced in this case, Special Term erred in denying defendant's motion to dismiss the complaint.

In early October, 1980, following negotiations with a representative of the defendant's insurance carrier, the plaintiff's attorney agreed to settle his client's personal injury action for $6,500. On October 9, 1980, with the client's consent, the attorney sent the carrier the requisite general release and stipulations of discontinuance. The accompanying letter stated:

"Pursuant to our agreement, enclosed herein please find a duly executed General Release in the amount of $6,500.00 relative to the above captioned matter.

"Kindly hold this Release in escrow pending our receipt of your settlement draft.

"Also enclosed are Stipulations of Discontinuance.

"I want to take this opportunity to sincerely thank you for your kind cooperation in aiding me to dispose of this matter on an amicable basis."

Six days later, and before payment of the $6,500, the plaintiff decided the settlement was inadequate, fired his lawyer and retained new counsel. Outgoing counsel immediately advised the carrier of plaintiff's repudiation and suggested that no further action be taken on the settlement until further notice. By letter dated October 17, 1980 the plaintiff's current lawyers requested a return of the release, but the defendant responded with a motion to dismiss the negligence action on the ground that it had been settled. Plaintiff cross-moved, *inter alia,* to require the defendant to return the release and stipulations of discontinuance. In denying the motion and granting the cross motion, Special Term concluded that since, at the time of repudiation, payment had not yet been made and the release and stipulations were still being held in escrow, plaintiff was entitled to disavow the settlement and to obtain return of the documents. Reversal is required.

Although neither Special Term nor the parties have mentioned it anywhere, the settlement agreement was an executory accord. Subdivision 1 of section 15-501 of the General Obligations Law defines an executory accord as "an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present

claim [or] cause of action * * * and a promise express or implied to render such performance in satisfaction or in discharge of such claim [or] cause of action". It is beyond dispute that executory accords are enforceable in this State (see General Obligations Law, § 15-501, subd 2; *Plant City Steel Corp. v National Mach. Exch.*, 23 NY2d 472; *Weil Plumbing Corp. v Cross Props.*, 6 NY2d 789; *Brauer v Central Trust Co.*, 77 AD2d 239; *Goldbard v Empire State Mut. Life Ins. Co.*, 5 AD2d 230; see, also, Restatement, Contracts 2d, § 281); indeed, they have been so enforceable for the past 45 years (see Personal Property Law, former § 33-a [L 1937, ch 77]). Subdivision 2 of section 15-501 of the General Obligations Law, which supplanted section 33-a of the Personal Property Law in 1964 (see L 1963, ch 576), provides that an executory accord which is in writing may be enforced even if the satisfaction has not been furnished by the time of repudiation. It is true, of course, that prior to the enactment of section 33-a of the Personal Property Law an accord was unenforceable until performance or delivery of the satisfaction had occurred (*Moers v Moers*, 229 NY 294; *Reilly v Barrett*, 220 NY 170; *Langlois v Langlois*, 5 AD2d 75), but for the almost half-century since the recommendation of the Law Revision Commission (see 1937 Report of NY Law Rev Comm, pp 201-248) and the enactment of section 33-a, the precondition of satisfaction has vanished. Therefore, if the accord was not breached by the defendant and if it is sufficiently evidenced, it must be enforced.

As to the first of these respects, no claim has been made that the defendant or his insurance carrier breached the accord. Time of payment was not stated to be of the essence, and the minimal delay in payment prior to repudiation was not unreasonable under the circumstances. Plaintiff merely asserts that he had the right to renege prior to receipt of payment because the release documents were still in escrow.

As to the Statute of Frauds, it is apparent that plaintiff's promise to accept the agreed consideration is sufficiently evidenced by a writing signed by him or his agent and thus the requirement of such a writing contained in subdivision 2 of section 15-501 of the General Obligations Law has been met. A memorandum sufficient to meet the require-

ments of the Statute of Frauds must contain expressly or by reasonable implication all the essential terms of the agreement (*Cohon & Co. v Russell,* 23 NY2d 569; *Poel v Brunswick-Balke-Collender Co.,* 216 NY 310; Restatement, Contracts 2d, § 131), but the memorandum itself does not constitute the agreement, it is merely evidence of it (see *Abady v Interco Inc.,* 76 AD2d 466). A memorandum may consist of separate writings which clearly refer to the same transaction and which may be read together (*Crabtree v Arden Sales Corp.,* 305 NY 48; *APS Food Systems v Ward Foods,* 70 AD2d 483; *Kobre v Instrument Systems Corp.,* 54 AD2d 625, affd 43 NY2d 862; Restatement, Contracts 2d, § 132).

The letter of October 9, 1980 plus the executed release and the stipulations of discontinuance state all of the essential terms of the settlement agreement; it is obvious that the parties contemplated no further writings. In fact, the letter refers to the settlement as a *fait accompli* (cf. *Scheck v Francis,* 26 NY2d 466). Plaintiff's further claim that he was misled or even coerced by his own attorney and insurance broker cannot, under the circumstances, bar defendant from enforcing the accord. If the asserted misconduct is actionable, plaintiff is not barred from pursuing whatever remedy is available against those individuals.

Since the cause of action seeking damages for negligence was replaced by an enforceable executory accord, the order which, *inter alia,* denied defendant's motion and directed the return of the settlement documents should be reversed and the complaint dismissed.

TITONE, J. P., NIEHOFF and RUBIN, JJ., concur.

Appeal from an order of the Supreme Court, Nassau County, entered August 11, 1981, dismissed, without costs or disbursements. No appeal lies from the denial of reargument.

Order of the same court, entered April 13, 1981, reversed, on the law, without costs or disbursements, order entered August 11, 1981 vacated, defendant's motion granted, plaintiff's cross motion denied, and complaint dismissed.