JOE HILL et al., Appellants, v SAL RAZIANO, Respondent.
[880 NYS2d 173]—

In an action to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered December 17, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiffs are residents of a residential cooperative apartment complex. They commenced this action to recover damages for trespass, alleging that on January 15, 2007 the defendant entered upon and remained on their residential premises (hereinafter the unit) without permission, invitation, or legal right.

The defendant moved for summary judgment dismissing the complaint. In his moving papers, he did not dispute that he had entered the unit without providing advance notice to, or obtaining permission from, the plaintiffs. However, he argued that he was entitled to judgment as a matter of law because (1) a workman inside the unit had given him permission to enter, (2) he

had entered the unit as an agent of the cooperative and his entry, therefore, was authorized under the cooperative's proprietary lease, and (3) no damage to the plaintiffs' real or personal property resulted from the incident. The Supreme Court granted the defendant's motion. For the reasons that follow, we reverse.

Initially, the defendant failed to tender evidence sufficient to demonstrate the absence of any triable issue of fact as to whether he had received permission to enter the unit from the workman who was performing renovation work inside the unit at the time of the entry (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Entering upon the property of another without permission, even if innocently or by mistake, constitutes trespass (*see Curwin v Verizon Communications [LEC]*, 35 AD3d 645 [2006]; *Long Is. Gynecological Servs. v Murphy*, 298 AD2d 504 [2002]). Here, the affidavits and deposition testimony proffered by the defendant in support of his motion presented triable issues of fact as to whether the workman granted him permission to enter the unit.

Moreover, the defendant failed to make a prima facie showing that he had been authorized to enter the unit as an agent of the cooperative. In support of this argument, he proffered the cooperative's proprietary lease, which contains a provision authorizing agents of the cooperative to enter residents' units at any time without advance notice under certain enumerated circumstances. However, the evidence tendered by the defendant was insufficient to establish the existence of an agency relationship between him and the cooperative (*see William Stevens, Ltd. v Kings Vil. Corp.*, 234 AD2d 287, 288 [1996]; *Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146 [1993]).

Finally, nominal damages are presumed from a trespass even where the property owner has suffered no actual injury to his or her possessory interest (*see Burger v Singh*, 28 AD3d 695, 698 [2006]; *Shiffman v Empire Blue Cross & Blue Shield*, 256 AD2d 131 [1998]).

Inasmuch as the defendant failed to satisfy his initial burden of demonstrating his entitlement to judgment as a matter of law, the Supreme Court should have denied his motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). In light of this determination, we need not examine the sufficiency of the plaintiffs' opposition papers (*see Rapps v City of New York*, 54 AD3d 923, 924 [2008]). Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.