Curry v Matranga (2021 NY Slip Op 03304)





Curry v Matranga


2021 NY Slip Op 03304


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-08637
 (Index No. 614841/18)

[*1]James M. Curry, appellant,
v
Vincenzo Matranga, et al., respondents.


Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Michael J. Antongiovanni of counsel), for appellant.
Gene Rosen's Law Firm, P.C., Garden City, NY (Martin Emouna of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered June 6, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, third, and fourth causes of action and, sua sponte, transferred the action to the First District Court, Nassau County.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, transferred the action to the First District Court, Nassau County, is deemed to be an application for leave to appeal from that portion of the order (see CPLR 5701[c]), and leave to appeal is granted; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, third, and fourth causes of action are denied.
The plaintiff is the owner of real property abutting the defendants' property. In November 2018, the plaintiff commenced this action seeking, inter alia, to recover damages for private nuisance (hereinafter the first cause of action), and requesting related injunctive and declaratory relief (hereinafter the third and fourth causes of action). The plaintiff alleged, in relevant part, that the defendants' operation of air conditioning and condenser units, which were placed in close proximity to the property line and to the plaintiff's home, generated an unreasonably high noise level in violation of the noise provisions of the Code of the Town of Hempstead, thereby substantially interfering with the plaintiff's use and enjoyment of his property.
Insofar as relevant to this appeal, the defendants filed a pre-answer motion pursuant to CPLR 3211(a)(7), inter alia, to dismiss the first, third, and fourth causes of action. In an order entered June 6, 2019, the Supreme Court granted those branches of the motion. The court also, sua sponte, transferred the action to the First District Court, Nassau County (see CPLR 325[d]; Uniform District Court Act § 202), on the basis that the remaining cause of action sought to recover damages below the jurisdictional monetary threshold of the Supreme Court. The plaintiff appeals.
The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703). "[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (Broxmeyer v United Capital Corp., 79 AD3d 780, 782-783).
Here, the plaintiff stated a cause of action to recover damages for private nuisance by alleging that the defendants' air conditioning and condenser units generated a noise level exceeding that permitted by the Code of the Town of Hempstead (see Code of the Town of Hempstead §§ 144-3, 144-5), which interfered with the plaintiff's use and enjoyment of his bedroom, garden, and patio, and diminished his property value (see Massaro v Jaina Network Sys., Inc., 106 AD3d at 703; Broxmeyer v United Capital Corp., 79 AD3d at 781; JP Morgan Chase Bank v Whitmore, 41 AD3d 433, 434; Mandel v Geloso, 206 AD2d 699; but see Adams v Berkowitz, 212 AD2d 557, 558). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the first cause of action. For the same reasons, the court erred in directing dismissal of the third and fourth causes of action, which sought injunctive and declaratory relief relating to the alleged nuisance, respectively.
We decline the defendants' request pursuant to 22 NYCRR 130-1.1 to impose sanctions based on the plaintiff's allegedly frivolous conduct.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court