Redwood Prop. Holdings, LLC v Christopher (2022 NY Slip Op 06948)

Redwood Prop. Holdings, LLC v Christopher

2022 NY Slip Op 06948

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-03945
 (Index No. 611813/20)

[*1]Redwood Property Holdings, LLC, appellant,
v
Jhon Christopher, etc., et al., respondents.

Messina Perillo Hill, LLP, Sayville, NY (Lisa A. Perillo of counsel), for appellant.
Lieb at Law, P.C., Smithtown, NY (Andrew M. Lieb and Richard Hermer-Fried of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for private nuisance and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 21, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff commenced this action to recover damages for private nuisance and for injunctive relief. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated April 21, 2021, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). "The elements of a private nuisance cause of action are: '(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act'" (Curry v Matranga, 194 AD3d 1011, 1012-1013, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570). "[E]xcept for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (Broxmeyer v United Capital Corp., 79 AD3d 780, 782-783 [internal quotation marks omitted]). Here, the plaintiff adequately pleaded a cause of action alleging private nuisance (see Ford v Fink, 84 AD3d 725, 728). Thus, the Supreme Court erred in directing dismissal of the complaint pursuant to CPLR 3211(a)(7).
Moreover, the Supreme Court erred to the extent that it directed dismissal of the complaint pursuant to CPLR 3211(a)(1). "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88). In this case, the defendants did not submit documentary evidence utterly refuting the allegations of the complaint and conclusively establishing a defense as a matter of law.
Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court