Shrage v Con Edison Co. (2023 NY Slip Op 02694)

Shrage v Con Edison Co.

2023 NY Slip Op 02694

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-06766
 (Index No. 51604/17)

[*1]Ari Shrage, et al., appellants, 
v
Con Edison Company, respondent, et al., defendants.

Lehrman, Lehrman & Guterman, LLP, White Plains, NY (Mark A. Guterman of counsel), for appellants.
Consolidated Edison Company of New York, Inc., Law Department, New York, NY (Inna Rozenberg and Nadine Rivellese of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for trespass and private nuisance, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 13, 2020. The judgment, upon a decision of the same court dated June 17, 2020, made after a nonjury trial, is in favor of the defendant Con Edison Company and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action to recover damages for trespass insofar as asserted against the defendant Con Edison Company, and substituting therefor a provision awarding judgment in favor of the plaintiffs as to that cause of action insofar as asserted against the defendant Con Edison Company in the principal sum of $1; as so modified, the judgment is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.
In 2007, the plaintiffs purchased a house in White Plains. The defendant Con Edison Company (hereinafter the defendant) had previously installed equipment known as a mini pad, or a pad mounted transformer, on the edge of the property line. The defendant placed a sticker on the mini pad warning all persons to stay at least three feet away from the equipment. In 2009, the plaintiffs requested that the defendant move the mini pad, but the defendant refused to do so. Ultimately, after an informal hearing held in response to a complaint filed by the plaintiffs, in February 2015, the New York State Department of Public Service determined that the mini pad extended approximately six inches onto the plaintiffs' property, and directed the defendant to remove it. The defendant then moved the mini pad off of the plaintiffs' property and buried it underground. Subsequently, the plaintiffs commenced this action against the defendant, among others, to recover damages, including punitive damages, for trespass and private nuisance. Following a nonjury trial, the Supreme Court determined that the plaintiffs had not established that the defendant was liable for trespass or private nuisance, that the plaintiffs had not established any actual damages, and that the plaintiffs had not shown that punitive damages were warranted. The court issued a judgment in favor of the defendant and against the plaintiffs dismissing the complaint insofar as asserted against the defendant. The plaintiffs appeal.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Saunders Ventures, Inc. v Catcove Group, Inc., 209 AD3d 893, 896; Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669, 672).
"The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037 [internal quotation marks omitted]). "An invasion of another's property or airspace need not be more than de minimis in order to constitute a trespass" (Standard Realty Assoc., Inc. v Chelsea Gardens Corp., 105 AD3d 510, 510). "'[A] trespass claim represents an injury to the right of possession'" (C & B Enters. USA, LLC v Koegel, 136 AD3d 957, 959, quoting Ivory v International Bus. Machines Corp., 116 AD3d 121, 129). "[C]ourts have precluded trespass claims where the entry or intrusion was intangible, such as the occurrence of vibrations, shading of a plaintiff's property, or a permeating odor or vapors of gasoline" (Ivory v International Bus. Machines Corp., 116 AD3d at 129-130 [citations omitted]). "Generally, intangible intrusions, such as by noise, odor, or light alone, are treated as nuisances, not trespass [because] they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it" (id. at 130 [internal quotation marks omitted]; see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 856).
"[N]ominal damages are presumed from a trespass even where the property owner has suffered no actual injury to his or her possessory interest" (Hill v Raziano, 63 AD3d 682, 683). "Nominal damages are defined as a trifling sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his [or her] rights or a breach of the defendant's duty" (McWeeney v Lambe, 138 AD3d 796, 796 [internal quotation marks omitted]). "These are formal damages as distinguished from real or substantial ones" (id. at 796-797 [internal quotation marks omitted]).
Here, the Supreme Court erred in determining that the defendant had not committed a trespass. As an initial matter, contrary to the plaintiffs' contention, the trespass did not include the three-foot zone referenced on the warning sticker on the mini pad. That warning zone constituted an intangible intrusion, which did not support a trespass cause of action (see Ivory v International Bus. Machines Corp., 116 AD3d at 129-130). As to the approximately six-inch physical entry onto the plaintiffs' property, however, there was a trespass. Contrary to the court's determination, this encroachment was actionable even if de minimis (see Rosen v Schonbrun, 172 AD3d 771, 773; Standard Realty Assoc., Inc. v Chelsea Gardens Corp., 105 AD3d at 510). Although the plaintiffs did not establish any "actual injury" arising from the defendant's trespass, they were entitled to nominal damages in the sum of $1 (Hill v Raziano, 63 AD3d at 683; see McWeeney v Lambe, 138 AD3d at 797).
"The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Wlody v Birch Family Servs., Inc., 210 AD3d at 1037). Here, the Supreme Court properly determined that the plaintiffs did not establish that the three-foot zone referenced in the warning sticker amounted to a private nuisance. Under the circumstances of this case, including that the plaintiffs purchased the property with the mini pad already in place, the plaintiffs failed to establish that the interference with their right to use and enjoy their property was "substantial in nature" or "unreasonable in character" (id.; Benjamin v Nelstad Materials Corp., 214 AD2d 632, 633).
The Supreme Court properly determined that punitive damages were not warranted, as the plaintiffs failed to establish that the defendant "acted with actual malice involving intentional wrongdoing" or that the trespass "amounted to a wanton, willful, or reckless disregard of the party's right of possession" (Litwin v Town of Huntington, 248 AD2d 361, 362).
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court