Hobens v Perkins (2023 NY Slip Op 51252(U))

[*1]

Hobens v Perkins

2023 NY Slip Op 51252(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-8 D C

Barbara Hobens, Respondent, 
against
Richard E. Perkins, Appellant. 

Law Office of Vincent J. Catalano (Sean P. O'Fallon of counsel), for appellant.
Barbara Hobens, respondent pro se (no brief filed).

Appeal from a decision of the Justice Court of the Town of Union Vale, Dutchess County (Stephen E. Diamond, J.), dated July 13, 2022, deemed from a judgment of that court entered August 20, 2022 (see CPLR 5512 [a]). The judgment, upon the decision, after a nonjury trial, awarded plaintiff the principal sum of $3,000.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $60; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $3,000 for defendant's trespass upon her property. At a nonjury trial, plaintiff testified that the $3,000 that she sought consisted of the following amounts: $1,260 for a property survey that she commissioned after the trespass; $77 to print photographic evidence for use in the instant action; $60 to replace shrubs and plants damaged during the trespass; $15 for the small claims filing fee; and the remainder (or $1,588) to extend the fence between the parties' adjacent parcels, to ensure that defendant would not trespass on her property again. Defendant conceded liability for the trespass and the $60 to replace the damaged shrubs and plants, but disputed the rest of the amounts claimed. After the trial, the Justice Court awarded plaintiff the principal sum of $3,000 for the emotional distress that plaintiff allegedly experienced as a result of the trespass.
In a small claims action, this court's review is limited to a determination of whether [*2]"substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The Uniform Justice Court Act provides that "[a]n itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (UJCA 1804).
First, we note that there is no support in the record for the Justice Court's award of $3,000 for plaintiff's alleged emotional distress. Plaintiff did not seek to recover on a theory of intentional and/or negligent infliction of emotional distress, nor did she introduce evidence regarding any emotional distress she experienced as a result of the trespass. To the extent that the Justice Court's award represented punitive damages, we find that punitive damages are not warranted in this case (see Shrage v Con Edison Co., 216 AD3d 1023, 1026 [2023]; Litwin v Town of Huntington, 248 AD2d 361, 362 [1998]).
Plaintiff asserted that she was entitled to an award of $3,000 for damage to her property and allegedly related expenses. With respect to the $1,260 for the property survey, since plaintiff did not allege that defendant ever disputed that the subject shrubs and plants were on plaintiff's property, defendant is not responsible for the cost of the survey (cf. Skinner v Crandall, 140 AD3d 1215, 1215-1216 [2016]). With respect to the claim for printing costs in the alleged sum of $77 and the claim for the fence extension in the alleged sum of $1,588, even assuming arguendo that these items are recoverable, plaintiff failed to establish the amounts claimed (see UJCA 1804; Coffey v Gerelli, 56 Misc 3d 127[A], 2017 NY Slip Op 50817[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Finally, defendant concedes that he is responsible for the $60 to replace the damaged shrubs and plants, and the $15 filing fee is an allowable disbursement under UJCA 1908 (a) (see also Curto v Erie County, 154 AD3d 1319, 1319 [2017]). Thus, substantial justice requires that the judgment be modified to reduce the award in favor of plaintiff to the principal sum of $60, plus $15 in disbursements (see UJCA 1807; Romero v North Shore Auto Repair, Inc., 48 Misc 3d 136[A], 2015 NY Slip Op 51128[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $60.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023