Del Vecchio v Gangi (2024 NY Slip Op 01292)

Del Vecchio v Gangi

2024 NY Slip Op 01292

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-06713
 (Index No. 611263/22)

[*1]Steven M. Del Vecchio, appellant,
v
Claire Gangi, et al., respondents.

Steven M. Del Vecchio, P.C., Garden City, NY, for appellant.
Scalzi & Nofi, PLLC, Huntington, NY (Vincent J. Nofi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 29, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through seventh causes of action and a demand for punitive damages in connection with the first, second, third, and seventh causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and sixth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendants are neighbors who own adjacent properties in Bayville. In August 2022, the plaintiff commenced this action against the defendants, asserting nine causes of action. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first through seventh causes of action and a demand for punitive damages in connection with the first, second, third, and seventh causes of action. In an order entered June 29, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiff appeals.
"In considering a motion to dismiss . . . pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ikezi v 82nd St. Academics, 221 AD3d 986, 987 [internal quotation marks omitted]). "Dismissal . . . is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (id. at 987 [internal quotation marks omitted]). "When evidentiary material is considered by the court on a motion pursuant to CPLR 3211(a)(7), the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (id. at 988 [alterations and internal quotation marks omitted]). "Whether the complaint [*2]will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Lam v Weiss, 219 AD3d 713, 715 [internal quotation marks omitted]).
"The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Harris v Miranda, 219 AD3d 1498, 1499 [internal quotation marks omitted]; see Banschick v Johnson, 222 AD3d 608, 609). "Not every annoyance will constitute a nuisance. Nuisance imports a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct" (Harris v Miranda, 219 AD3d at 1499 [alterations and internal quotation marks omitted]). "Except for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [alterations and internal quotation marks omitted]).
The Supreme Court erred in granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action, both alleging private nuisance. With respect to the first cause of action, which, according to the complaint, was related to the defendants' alleged fireworks displays occurring "[e]ach and every year for the last several years on the Fourth of July," the plaintiff sufficiently stated a pattern of continuity or recurrence of objectionable conduct to survive a motion to dismiss pursuant to CPLR 3211(a)(7). Furthermore, it may be readily inferred from the allegations in the complaint, if taken as true, that the defendants knew that their fireworks displays were invading upon the plaintiff's use and enjoyment of his property or that such invasion was substantially certain to result (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 571). Therefore, contrary to the defendants' contentions, the element of intent was also sufficiently stated.
With respect to the sixth cause of action, the complaint sufficiently alleged a private nuisance in the form of "continuing" and "unreasonabl[e]" noise from the defendants' pool equipment beginning in May 2022 through at least August 2022 (see Curry v Matranga, 194 AD3d 1011, 1013). Notably, in opposition to the defendants' motion, the plaintiff submitted evidence that the Village of Bayville cited the defendants for excessive noise emanating from the defendants' pool equipment during the relevant time period (see id. at 1013). Contrary to the defendants' contention, the fact that they may have ameliorated the noise emanating from their pool equipment by October 2022 was not a defense to the alleged diminished use and enjoyment of the plaintiff's property during the preceding months.
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action.
"The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Shrage v Con Edison Co., 216 AD3d 1023, 1025 [internal quotation marks omitted]). "An invasion of another's property or airspace need not be more than de minimis in order to constitute a trespass" (id. 1025 [internal quotation marks omitted]; see Hill v Raziano, 63 AD3d 682, 683). "Generally, intangible intrusions, such as by noise, odor, or light alone, are treated as nuisances, not trespass because they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it" (Shrage v Con Edison Co., 216 AD3d at 1025 [alterations and internal quotation marks omitted]).
The Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging trespass. To the extent that the complaint alleged that the defendants' fireworks displays "showered down" debris onto the plaintiff's property, the plaintiff alleged facts that fit within a cognizable legal theory of trespass (see Stewart v State of New York, 248 AD2d 761, 761). Moreover, contrary to the defendants' contentions, the element of intent necessary to sustain a trespass cause of action may be established [*3]where, as alleged here, the trespasser intends "the act which produces the unlawful intrusion," and the intrusion "is an immediate or inevitable consequence of that act" (Marone v Kally, 109 AD3d 880, 883 [internal quotation marks omitted]). Accordingly, the court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
However, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and seventh causes of action, both alleging assault. "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Barnett v Fusco, 206 AD3d 962, 963 [internal quotation marks omitted]). The allegations of assault in the third and seventh causes of action, which pertained to fireworks displays on July 4, 2022, and June 4, 2022, respectively, were vague and conclusory with respect to the plaintiff's purported imminent apprehension that he would be physically struck by "the debris from said fireworks." The plaintiff provided no information about where he was in relation to the debris or the fireworks during the displays, other than stating in the complaint that he was "in close proximity" to "explosions and concussive blasts and noise," and he admitted in an affidavit in opposition to the defendants' motion that he only discovered the debris "the next morning." Accordingly, the court did not err in granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and seventh causes of action (see Ikezi v 82nd St. Academics, 221 AD3d at 988).
The Supreme Court also properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, alleging breach of contract, and the fifth cause of action, alleging promissory estoppel. "To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937-938 [internal quotation marks omitted]). An executory accord is "an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim or cause of action and a promise express or implied to render such performance in satisfaction or in discharge of such claim or cause of action" (Condo v Mulcahy, 88 AD2d 497, 498-499 [alterations omitted]; see General Obligations Law § 15-501[1]). "An executory accord shall not be denied effect as . . . the basis of an action . . . by reason of the fact that the satisfaction or discharge of the claim, [or] cause of action . . . which is the subject of the accord was to occur at a time after the making of the accord, provided the promise of the party against whom it is sought to enforce the accord is in writing and signed by such party or by his agent" (General Obligations Law § 15-501[2]).
Here, the fourth and fifth causes of action stem from an alleged oral agreement between the parties. According to the complaint, the defendants were performing construction on their property in October 2018, which proximately caused certain damage to the plaintiff's property. The defendants then purportedly agreed to remedy all of the damage "in exchange for plaintiff's promise to forebear from bringing a lawsuit or insurance claims against defendants" for the damage. The complaint alleges that the defendants ultimately failed to complete the repairs. As the defendants correctly contend, the oral agreement between the parties, as alleged in the complaint, constituted an executory accord that was not enforceable against the defendants in the absence of a writing signed by them (see id.; Condo v Mulcahy, 88 AD2d at 499; General Bldg. Supply Corp. v Shapn, Inc., 35 AD2d 550, 551). Under the circumstances, because there is no allegation or evidence of such a writing, the plaintiff failed to state a cause of action to recover damages for breach of contract.
"The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (Bent v St. John's Univ., N.Y., 189 AD3d 973, 975 [internal quotation marks omitted]). "The existence of a valid and enforceable contract governing a particular subject matter precludes recovery under a promissory estoppel cause of action arising out of the same subject matter" (id. at 975 [internal quotation marks omitted]). "Where, [*4]however, an oral agreement violates the statu[t]e of frauds, promissory estoppel may preclude application of the statute of frauds if its application would result in unconscionability" (id. at 975-976). Since the complaint failed to sufficiently allege that the plaintiff would suffer an unconscionable injury, the plaintiff failed to state a cause of action for promissory estoppel to preclude application of the statute of frauds to the purported oral agreement between the parties.
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the plaintiff's demand for punitive damages in connection with the first, second, third, and seventh causes of action (see Dash Windows of L.I., Inc. v Bivona, 216 AD3d 915, 916-917).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court