Fairchild Corp. v MTA Long Is. R.R. (2025 NY Slip Op 04705)

Fairchild Corp. v MTA Long Is. R.R.

2025 NY Slip Op 04705

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-01299
 (Index No. 616113/18)

[*1]Fairchild Corporation, appellant,
v
MTA Long Island Railroad, et al., respondents.

Anton J. Borovina, Melville, NY, for appellant.
Paige Graves, Jamaica, NY (Kevin P. McCaffrey and Paul Whitworth of counsel), for respondent Long Island Railroad Company, incorrectly sued herein as MTA Long Island Railroad.
Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (Michael J. Rosenthal and Ashley A. Pratt of counsel), for respondent L.K. Comstock & Co., Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 8, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant L.K. Comstock & Co., Inc., which were for summary judgment dismissing the cause of action alleging trespass and the demand for punitive damages insofar as asserted against it and on its counterclaim, and granted those branches of the motion of the defendant Long Island Rail Road Company, incorrectly sued herein as MTA Long Island Railroad, which were for summary judgment dismissing the cause of action alleging trespass and the demand for punitive damages insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff owned a 3.54-acre vacant parcel of land located in Farmingdale (hereinafter the property). In 2017, the defendant Long Island Rail Road Company, incorrectly sued herein as MTA Long Island Railroad (hereinafter LIRR), awarded the defendant L.K. Comstock & Co., Inc. (hereinafter LKC), a contract to install track and certain related systems on land abutting the property. In May 2018, LKC entered the property without permission and placed a large pile of crushed stone (hereinafter the ballast) thereon. When the plaintiff objected, LKC requested permission to reenter the property to remove the ballast and to return the property to the condition as it existed prior to the placement of the ballast. The plaintiff declined LKC's offer and demanded payment to release the ballast to LKC. The plaintiff alleged that the defendants trespassed on the property on four dates between May 2018 and September 2018.
In August 2018, the plaintiff commenced this action, inter alia, to recover damages for trespass. LKC interposed an answer in which it asserted a counterclaim to recover damages for conversion of the ballast. In January 2019, the plaintiff sold the property to a third party for $2,000,000.
LKC moved, inter alia, for summary judgment dismissing the cause of action alleging trespass and the demand for punitive damages insofar as asserted against it and on its counterclaim. LIRR separately moved, among other things, for summary judgment dismissing the cause of action [*2]alleging trespass and the demand for punitive damages insofar as asserted against it. By order dated February 8, 2021, the Supreme Court, inter alia, granted those branches of the defendants' separate motions. The plaintiff appeals.
"The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Shrage v Con Edison Co., 216 AD3d 1023, 1025 [internal quotation marks omitted]; see Huang v Fort Green Partnership Homes Condominium, 228 AD3d 912, 917). "The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (Zimmerman v Carmack, 292 AD2d 601, 602; see Rosen v Schonbrun, 172 AD3d 771, 773). Thus, "[e]ntering upon the property of another without permission, even if innocently or by mistake, constitutes trespass" (Hill v Raziano, 63 AD3d 682, 683).
"The measure of damages for permanent injury to property is loss of market value, or the cost of restoration, while the measure of damages for loss of use is the decrease in the property's rental value during the pendency of the injury" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 857 [internal quotation marks omitted]). Here, both LKC and LIRR established, prima facie, that the plaintiff did not suffer any actual damage to the property through the submission of, inter alia, the plaintiff's responses to interrogatories, which established that the property was vacant at the time of the alleged trespasses, the plaintiff was not alleging any loss of use of the property, and the plaintiff sold the property for fair market value based on its zoned industrial use without bearing any costs of restoration (see Matter of Behar v Friedman, 180 AD3d 671, 674; Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669, 672; Eisen v County of Westchester, 69 AD2d 895, 895). In opposition, the plaintiff failed to raise a triable issue of fact (see SJWA LLC v Father Realty Corp., 221 AD3d 552, 554; Matter of Behar v Friedman, 180 AD3d at 676).
Although "nominal damages are presumed from a trespass even where the property owner has suffered no actual injury to his or her possessory interest" (Hill v Raziano, 63 AD3d at 683; see Shrage v Con Edison Co., 216 AD3d at 1025), the Court of Appeals has indicated that such damages, which are an exception to the established rule that actual injury must be shown, are warranted because "a continuing trespass may ripen into a prescriptive right and deprive a property owner of title to his or her land" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 95). Under the unique facts and circumstances of this case, the Supreme Court providently exercised its discretion in determining that nominal damages were not warranted, given LKC's attempts to promptly resolve the matter without the need for litigation, and, since, based on the limited entries by the defendants, there was no possibility of the development of any prescriptive rights that would deprive the plaintiff of title to its land, especially in light of the plaintiff's sale of the property (see id. at 95; see e.g., Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 214 AD3d 447, 448). Accordingly, the court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging trespass insofar as asserted against each of them.
Based on this determination, the Supreme Court also properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the demand for punitive damages insofar as asserted against each of them (see Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 214 AD3d at 448). In any event, "[a] party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party's right of possession" (Litwin v Town of Huntington, 248 AD2d 361, 362; see Shrage v Con Edison Co., 216 AD3d at 1026). LKC established its prima facie entitlement to judgment as a matter of law dismissing the demand for punitive damages insofar as asserted against it by demonstrating that it repeatedly offered to remove the ballast and to restore the property to its former condition (see Marinaccio v Town of Clarence, 20 NY3d 506, 511; Huang v Fort Greene Partnership Homes Condominium, 228 AD3d at 916). Moreover, LIRR established that it is immune from liability for an award of punitive damages as a public benefit corporation (see Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 124 AD2d 534, 537, affd 70 NY2d 382; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 857). In opposition, the plaintiff failed to raise a triable issue of fact.
"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (Halvatzis v Perrone, 199 AD3d 785, 786-787 [internal quotation marks omitted]; see Amid v Del Col, 223 AD3d 698, 700). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Halvatzis v Perrone, 199 AD3d at 787 [internal quotation marks omitted]). Here, LKC established, prima facie, that it owned the ballast, which the plaintiff wrongfully refused to release (see id. at 786-787). In opposition, the plaintiff failed to raise a triable issue of fact (see Amid v Del Col, 223 AD3d at 700). Accordingly, the Supreme Court properly granted that branch of LKC's motion which was for summary judgment on its counterclaim to recover damages for conversion.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court